IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garron Ladon Norris, *aka* Garron L. Norris, | ) C/A No. 8:10-750-JFA-BHH |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Detective Christy Poole, GPD; Officer JR Hughes, GPD; Detective Whitaker, GDP, | ) |
| Defendants. | ) |

The plaintiff, Garron Ladon Norris ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Cherokee County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names three officers of the Gaffney Police Department as defendants.[2] Plaintiff claims false arrest and seeks monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## ***PRO SE* AND *IN FORMA PAUPERIS* REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

v. *Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

**DISCUSSION**

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To assert a claim under § 1983, Plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48 (1988).

FALSE ARREST

The complaint claims "my constitutional rights have been violated [sic] this is false arrest." Docket #1 at 5. Plaintiff appears to allege violation of his Fourth Amendment rights,[3] as well as possible State law torts, through false arrest by the Defendants. The complaint indicates a police report by the mother of a minor, and a victim statement by the minor, resulted in an arrest warrant for Plaintiff's arrest. Docket #1 at 3. The complaint does not dispute that Plaintiff was arrested with a warrant signed by a judge. In a § 1983 action based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th

---

[3] "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem,* 85 F.3d 178, 183 (4th Cir. 1996) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

3

Cir. 1996)(when arresting official makes the arrest with a facially valid warrant it is not false arrest). The complaint fails to state a claim under § 1983 for violation of constitutional rights based on the allegations of false arrest.

MALICIOUS PROSECUTION

Liberally construed, the complaint could also allege malicious prosecution.[4] Plaintiff alleges the defendants "lack jurisdiction to place me under arrest" because "they don't have proper documents that is required by the U.S. Constitution to have ever gotten a warrant." Docket # 1 at 5. Plaintiff does not dispute that he was arrested with a warrant, but appears to claim the warrant is not supported by probable cause. "[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for a period after legal process issued, are analogous to the common-law tort of malicious prosecution." *Porterfield v. Lott*, 156 F.3d at 568; *Brooks v. City of Winston-Salem*, 85 F.3d at 181-82. In as much as Plaintiff is actually alleging lack of probable cause for seeking and issuing the warrant, he claims malicious prosecution.

To state a claim for a seizure with a warrant that violated Plaintiff's Fourth Amendment rights, Plaintiff must demonstrate that he was arrested pursuant to a warrant not supported by probable cause and that the criminal proceedings against him terminated in his favor. *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). A § 1983 claim for malicious prosecution incorporates the common law element of favorable termination to state a cause of action. *See id.*; *Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir.

---

[4] The U.S. Supreme Court has "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983." *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007), citing *Albright v. Oliver*, 510 U.S. 266, 270-71 (1994).

4

2000); see also Schilling v. White, 58 F.2d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist).  The complaint in this case does not allege that criminal proceedings have terminated in Plaintiff's favor, and thus the complaint does not state a claim for malicious prosecution.  The complaint fails to state a claim under § 1983 for malicious prosecution and should be dismissed.

RELIEF REQUESTED

Even if Plaintiff stated a claim for false arrest or malicious prosecution, the injunctive relief requested by Plaintiff is not available in a § 1983 action.  Plaintiff seeks to have the charges against him "uplifted off my record," a public apology published, and the victim, her mother and a witness "be charged for perjury, slander" and defamation.  Docket #1 at 6. None of the relief sought is available in this § 1983 action.  First, Plaintiff's challenge to his criminal charges may only be pursued in state court and then, when all state court remedies have been exhausted,  through federal habeas corpus.  "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)).  The injunctive relief of compelling a government official to issue a published apology is also not available, because it is in the form of mandamus relief.   Mandamus relief is only available in extraordinary circumstances, and must meet each of a five requirements. In re Braxton, 258 F.3d 250,

5

261 (4th Cir. 2001); *see also United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502(4th Cir. 1999). Plaintiff fails the first of the requirements to show that "he has a clear and indisputable right to the relief sought," *In re Braxton*, 258 F.3d at 261, because he has no legal right to a published apology. Finally, Plaintiff's request that the alleged victim, her mother and a witness be prosecuted is beyond the scope of a civil lawsuit. "No citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (*citing Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

STATE LAW CLAIMS

Because the federal claims should be dismissed in this case, the Court should decline to exercise supplemental jurisdiction over any state law claims Plaintiff may be claiming. Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Title 28 U.S.C. § 1367(c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated. This Court should dismiss Plaintiff's Fourth Amendment claim, and thus, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). The state law claims, if any, should be dismissed without prejudice for refiling in state court.[5]

---

[5] Plaintiff's state claims are subject to established time limits for filing certain tort claims. *See* S. C. Code Ann. § 15-3-530.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(B)(ii)(failure to state a claim upon which relief may be granted ); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                                          s/Bruce Howe Hendricks
                                                          United States Magistrate Judge

April 19, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).