IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA


Garron Ladon Norris,      ) C/A No.:  8:10-750-JFA-BHH
               )
        Plaintiff,  )
 v.            )    **ORDER**
               )
Detective Christy Poole, GPD; Officer   )
JR Hughes, GPD; Detective Whitaker, GPD, )
               )
       Defendants. )
_____ )


The *pro se* plaintiff, Garron Ladon Norris, brings this action pursuant to 42 U.S.C. §
1983.  He is a pretrial detainee at the Cherokee County Detention Center.  The plaintiff
claims false arrest by the defendant officers and seeks money damages as well as injunctive
relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and
Recommendation wherein he suggests that the complaint should be dismissed for failure to
state a claim.  The Report sets forth in detail the relevant facts and standards of law on this
matter, and the court incorporates such without a recitation and without the need for a
hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local
Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation
has no presumptive weight, and the responsibility to make a final determination remains with the court.
*Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those
portions of the Report to which specific objection is made and the court may accept, reject, or modify, in
whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate
Judge with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge suggests that the case should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and he properly notes that plaintiff's allegations of false arrest and malicious prosecution fail to state a claim under § 1983. Moreover, the injunctive relief requested by plaintiff (expungement of his record and a public apology) is not available in a § 1983 action. Finally, the Magistrate Judge suggests that since the federal claims should be dismissed in this case, the court should decline to exercise supplemental jurisdiction over any state law claims plaintiff has pending.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was entered on the docket on April 19, 2010. The plaintiff has failed to file objections to the Report within the time limits prescribed.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 11, 2010                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge